SCHRAM v. DEDERICK.

SAME v. FINZEL.

Nos. 108–113.

District Court, E. D. Michigan, S. D.
Dec. 24, 1941.

**526**

Robert S. Marx, Norman P. Burau, and Thomas L. Conlan, all of Detroit, Mich., for plaintiff.

Walter Phillips and William R. Brandt, both of Detroit, Mich., for defendants.

LEDERLE, District Judge.

1. Plaintiff, B. C. Schram, is the duly appointed, qualified and acting Receiver of First National Bank-Detroit, an insolvent national banking association, here engaged in winding up the affairs of said bank in these two companion cases, wherein plaintiff claims judgments as follows:

(a) In case number 108, against Leo A. Dederick, of this District, for $491.60 principal, plus interest to date, on a promissory note held by plaintiff, signed by defendant Dederick as maker, dated August 1, 1932, payable 90 days after date to First Wayne National Bank of Detroit, predecessor of the bank of which plaintiff is Receiver, in the original amount of $554.52, bearing 6% per annum interest. This note was endorsed by the payee, Idle Hour Anglers Club;

(b) In case number 113, against William Finzel, also of this District, for $491.75 principal, plus interest to date, on a promissory note held by plaintiff, signed by defendant Finzel as maker, dated August 1, 1932, payable 90 days after date to said First Wayne National Bank of Detroit, in the original amount of $543.91, bearing 6% per annum interest. This note was likewise endorsed by its payee, Idle Hour Anglers Club.

2. All parties concede that the issues in these two cases are identical, and, consequently, joint findings are being employed.

3. Each of these notes is a renewal, respectively, of a previous note made by each defendant. The consideration for each original note was the execution and delivery by plaintiff's predecessor bank to each defendant of a formal instrument of release from a claimed liability under an instrument of guaranty dated April 27, 1928. By the terms of this guaranty each of these defendants, as well as several other signers, severally guaranteed the repayment of 1/25th of a $25,000 loan to be made by plaintiff's predecessor bank to Idle Hour Anglers Club "on its promissory note to be dated May 1, 1928", each signer guaranteeing "the prompt payment of 1/25th of the principal and interest to become due on said note, according to its tenor, and of any renewal or extensions of the same."

4. In a previous suit in this court (number 14,788) plaintiff attempted to enforce the claimed liability of another guarantor, Herbert R. Brownell, directly upon said instrument of guaranty, and the parties hereto have stipulated that the record of that case be incorporated herewith. That record showed that plaintiff's predecessor bank had never loaned money to the Idle Hour Anglers Club on a note dated May 1, 1928, as specified in said instrument of guaranty. Instead, the bank had loaned $25,000 to said Club as follows: $15,075.00 on May 9, 1928, upon a note of that amount dated as of that date, and the balance some time later, supplementing the original note with a later note for $25,000. On November 24, 1937, judgment of no cause of action was entered in the Brownell case for the reason that said instrument was a specific guaranty of a specific note, no such note had ever come into existence, and consequently no liability ever attached to the signers of said guaranty.

5. Plaintiff's predecessor banks asserted a liability against the various signers of said guaranty, including these defendants, predicated upon having loaned $25,000 to said Club on the note specified in said guaranty, and constantly attempted to collect such asserted liabilities. Neither plaintiff nor any of his predecessor banks ever advised either of these defendants of the facts relative to variance between guaranty and club notes, and neither defendant learned the facts until after the decision in said Brownell case, up to which time both defendants had been led to believe that a loan had been made to said Club on the note specified in said instrument of guaranty, and that by virtue thereof the signers of the guaranty were guarantors of its payment and liable therefor to plaintiff and his predecessor banks.

6. Under the mistaken belief that a loan had been made to the Club on the note specified in said instrument of guaranty, and be-

fore learning that the true facts were otherwise, each defendant made payments to plaintiff's predecessor banks, and, in consideration for a formal instrument of release of liability under said guaranty, each defendant respectively executed the note of which the note in suit is a renewal.

7. Defense of the note in suit and a counterclaim for moneys paid plaintiff's predecessor banks are predicated by the defendant in each of these cases upon a claimed mistake of fact in so paying and executing the notes.

8. Each of said defendants made payments to plaintiff's predecessor banks and executed the involved notes under a unilateral mistake of fact induced by plaintiff's predecessor banks, when the true facts were known to plaintiff's predecessor banks, and from the facts in their possession plaintiff's predecessor banks could not have had an honest or reasonable belief in the validity of their claim of liability against the persons who signed said instrument of guaranty.

### Conclusions of Law.

■ 1. This is an action in connection with the winding up of the affairs of a national banking association, over which this court has jurisdiction. 28 U.S.C.A. § 41 (16).

■ 2. Consideration is the thing bargained for and given in exchange for a promise, and the thing which these defendants bargained for and were given in exchange for the notes of which the notes in suit are renewals, was in each instance a formal instrument relinquishing a supposed liability under said instrument of guaranty. § 75, Restatement of Contracts.

■ 3. No legal liability ever attached to the signers by virtue of said instrument of guaranty for the reason that it was a specific guaranty of a specific note which never came into existence, and consequently there was nothing upon which the guaranty could operate. Schram v. Brownell,[1] No. 14,788, this court.

■■ 4. The relinquishment of an invalid claim is insufficient consideration where, as here, the claimant does not have an honest or reasonable belief in the validity of the claim, particularly where, as here, the claimant knows facts evidencing such invalidity, which facts are unknown to the alleged obligor. Consequently, the notes in suit and the notes which they renew were invalid for want of consideration. § 76(b), Restatement of Contracts; 12 Am.Juris. p. 577, § 82 of Contracts; 1 Williston on Contracts, Rev.Ed., § 135; §§ 9274 & 9277, Compiled Laws of Mich. for 1929.

■ 5. Where a guarantor guarantees a third person's specific future obligation, which obligation as a matter of fact never comes into existence, and pays money to be credited on such specific guaranteed obligation under the mistaken belief of fact that the specific obligation guaranteed has come into existence so that the guaranty has become operative, which belief is induced by the obligee who knows the true facts to be otherwise, he may recover from the recipient the money so paid. 5 Williston on Contracts, Rev.Ed., § 1574.

Judgment shall be entered in each of these cases in favor of defendant, no cause of action upon the notes sued upon, and sustaining each defendant's right to recover under his counterclaim for moneys paid. As payments by defendants were conceded but not specified as to dates and amounts upon the record, the parties are directed to appear before this court on December 31, 1941, at 9:30 A. M., for settlement of judgments herein, at which time a computation should be presented in each case showing dates of payments of various amounts by each defendant, together with interest to February 11, 1933.

---

[1] No opinion for publication.